UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TAMMY KOCH                                                                    PLAINTIFF

v.                                        CIVIL ACTION NO. 3:12-CV-00148-CRS

OWNERS INSURANCE COMPANY                                     DEFENDANT

**MEMORANDUM OPINION**

        This matter is before the Court on a motion for summary judgment filed by Defendant Owners Insurance Company ("Defendant") against Plaintiff Tammy Koch ("Plaintiff") (DN 26). For the reasons set forth below, the Court will grant the motion for summary judgment.

**BACKGROUND**

        The following facts are undisputed. On March 14, 2011, Plaintiff's home was partially destroyed by a fire. At the time, Plaintiff was covered by a homeowners insurance policy issued by Defendant, on the basis of which she sought to obtain compensation for property damage sustained during the fire. As part of its investigation of the fire, Defendant requested that Plaintiff submit to an "Examination Under Oath" regarding events preceding the fire. Based on Plaintiff's responses, Defendant concluded that Plaintiff had made several material misrepresentations in her application for insurance coverage. Accordingly, Defendant rescinded Plaintiff's policy and refused payment thereunder.

        On March 14, 2011, Plaintiff filed the present action in Bullitt County Circuit Court, seeking payment pursuant to her insurance policy as well as damages pursuant to Kentucky's

1

Unfair Claims Settlement Practices Act ("KUCSPA"). On March 21, 2012, Defendant removed the action to this Court on the basis of diversity jurisdiction. On March 29, 2013, Defendant filed the present motion for summary judgment. Having considered the parties' briefs and being otherwise sufficiently advised, the Court will now address the motion for summary judgment.

**STANDARD**

i. **Summary Judgment**

Before granting a motion for summary judgment, the Court must find that there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the initial burden of establishing the nonexistence of any issue of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), a burden which may only be satisfied by "citing to particular parts of materials in the record..." or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1). If the moving party satisfies this burden, the burden of production shifts to the non-moving party, who must then identify evidence demonstrating the existence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 322.

Although the Court must view the evidence in a light most favorable to the non-moving party, *see Scott v. Harris*, 550 U.S. 372, 378 (2007), the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). If the non-moving party fails to satisfy its burden of counterproduction, the court must grant the motion for summary judgment.

2

### ii. Misrepresentations in Insurance Policies

KY. REV. STAT. § 304.14–110 provides that misrepresentations made in an insurance policy application "shall not prevent a recovery under the policy or contract unless either: (1) fraudulent; or (2) material either to the acceptance of the risk, or to the hazard assumed by the insurer; or (3) the insurer in good faith would [ ] not have issued the policy or contract...." Thus, "[w]hen an insured misrepresents material facts on the application, the insurer is justified in denying coverage and rescinding the policy." *Hornback v. Bankers Life Insurance Co.*, 176 S.W.3d 699, 705 (Ky. Ct. App. 2005). "[A] false answer is material if the insurer, acting reasonably and naturally in accordance with the usual practice of ... insurance companies under similar circumstances, would not have accepted the application if the substantial truth had been stated therein." *Cook v. Life Investors Ins. Co. of Am.*, 126 Fed. App'x 722, 724 (6th Cir. 2005) (quoting *Mills v. Reserve Life Insurance Co.*, 335 S.W.2d 955, 958 (Ky. 1960)). An insurance policy rescinded pursuant to KY. REV. STAT. § 304.14–110 "voids the policy at its inception." *Nationwide Mut. Fire Ins. Co. v. Nelson*, 912 F. Supp. 2d 452, 454 (E.D. Ky. 2012).

## DISCUSSION

The sole issue is whether Plaintiff made a material representation on her home insurance application such that Defendant was justified in rescinding her insurance contract. For the reasons set forth below, the Court concludes that Plaintiff made a material misrepresentation sufficient to justify rescission of her insurance contract. Accordingly, the Court will grant Defendant's Motion for Summary Judgment.

Defendant argues that Plaintiff's home insurance application contained the following material misrepresentations:

1. that no insurance company had canceled, refused to write, or declined to renew an insurance policy for which Plaintiff had applied;

3

2. that the property was insured by Allstate Insurance Company until November 19, 2009;
3. that Plaintiff had no court judgments or substantially past due mortgage or property tax payments within the five years preceding the submission of her application.

(Mot. for S. Judg., DN 26, at 2). According to Defendant, these misrepresentations were material because, as demonstrated by the affidavit of Defendant's Lexington Branch Manager Andrea Lindemeyer ("Lindemeyer"), Defendant would not have issued Plaintiff's homeowners insurance policy if Plaintiff had provided truthful information. In her affidavit, Lindemeyer states in pertinent part that:

> [Plaintiff's] eligibility for homeowners insurance coverage… was subject to pre-established homeowners eligibility guidelines. Pursuant to these guidelines agents were prohibited from binding coverage if there was not homeowners insurance coverage in force with another carrier at the time of application or if coverage by a previous carrier had been cancelled, non-renewed, or declined. The guidelines further prohibited an agent from binding homeowners coverage if the applicant had outstanding court judgments or substantially past due mortgage, utility, or property tax payments within the past five years.

(Lindemeyer's Affidavit, DN 26-9, at ¶ 3). Given these strict guidelines, Lindemeyer concludes that:

> [Defendant]… would not have written homeowners insurance coverage on [Plaintiff's] residence if [Plaintiff] had disclosed any of the following: that there was no homeowners insurance coverage in force on the property at the time of application; that a prior policy had been cancelled for non-payment of premium; that she had outstanding court judgments at the time of application; or that she had substantially past due mortgage, utility, or property tax payments within the past five years.

(Lindemeyer's Affidavit, DN 26-9, at ¶ 6).

Plaintiff does not dispute that the alleged misrepresentations were material, but instead "denies that she made any such misrepresentations." (Resp. to Mot. for Summ. Judg., DN 27, at 2). Having conceded materiality, Plaintiff's only remaining hope of defeating summary judgment

4

requires that she establish a genuine issue of material fact regarding whether the alleged misrepresentations were actually false.

In concluding that summary judgment is appropriate, the Court need look no further than Plaintiff's representation that she had no court judgments against her within the five years preceding the submission of her application. In her response brief, Plaintiff concedes that she did in fact have such a court judgment, but nevertheless argues that summary judgment is inappropriate because "[s]he cannot have been misrepresenting the facts if she were unaware of them." (Response to Mot. for Summ. J., DN 27, at 5). However, Plaintiff's argument is directly contradicted by well-established Kentucky law holding that "representations made to an insurance company which are false and material to the risk will defeat recovery on the policy issued thereon *even though they were made innocently…*" *Dishman v. State Farm Fire & Cas. Co.*, No. 6:07-299-DCR, 2008 WL 4758640 (E.D. Ky. Oct. 30, 2008) (citing *Ford v. Comm. Life Ins. Co.*, 67 S.W.2d 950, 950 (Ky. 1934)) (emphasis added). Although Kentucky recognizes an exception to this rule for misrepresentations made by an insurance agent of which the insured in good faith remains ignorant, *see Pennsylvania Life Ins. Co. v. McReynolds*, 440 S.W.2d 275, 279 (Ky. 1969) (citing *Sovereign Camp, W.O.W. v. Alcock*, 117 S.W.2d 938, 942 (Ky. 1938), Plaintiff cannot rely on this exception because she never argues that the alleged misrepresentation was in any way attributable to her insurance agent. For these reasons, the Court concludes that there is no genuine dispute of material fact that Plaintiff made a material misrepresentation in her insurance application.[1] Accordingly, the Court concludes that Plaintiff's

---

[1] Because a single material misrepresentation is sufficient to void Plaintiff's insurance policy, the Court need not address the remaining two misrepresentations relied on by Defendant.

insurance policy was *void ab initio* and will therefore grant Defendant's Motion for Summary Judgment.[2]

    A separate order will be entered in accordance with this opinion.

Charles R. Simpson III, Senior Judge
United States District Court

January 28, 2014

---

[2] In addition to a claim for payment pursuant to her insurance policy, Plaintiff's Complaint asserts a bad-faith claim under the KUCSPA. In order to state a claim under the KUCSPA, Plaintiff must demonstrate, *inter alia*, that Defendant is "obligated to pay the claim under the terms of the policy." *Phelps v. State Farm Mut. Auto. Ins. Co.*, 680 F.3d 725, 731 (6th Cir. 2012) (citing *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993)). Because Plaintiff's insurance policy is deemed *void ab initio*, Defendant is not obligated thereunder. Accordingly, Plaintiff's KUCSPA claim fails as a matter of law and summary judgment is therefore appropriate.