UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TAMMY KOCH                                                                                  PLAINTIFF

v.                                                       CIVIL ACTION NO. 3:12-CV-00148-CRS

OWNERS INSURANCE COMPANY                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter if before the Court on a motion to alter judgment (DN 34) filed by Plaintiff Tammy Koch ("Plaintiff") against Defendant Owners Insurance Company ("Defendant"). For the reasons set forth below, the Court will deny the motion to alter judgment.

### BACKGROUND

The following facts are undisputed. On March 14, 2011, Plaintiff's home was partially destroyed by a fire. At the time, Plaintiff was covered by a homeowners insurance policy issued by Defendant, on the basis of which she sought to obtain compensation for property damage sustained during the fire. As part of its investigation of the fire, Defendant requested that Plaintiff submit to an "Examination Under Oath" regarding events preceding the fire. Based on Plaintiff's responses, Defendant concluded that Plaintiff had made several material misrepresentations in her application for insurance coverage. Accordingly, Defendant rescinded Plaintiff's policy and refused payment thereunder.

On March 14, 2011, Plaintiff filed the present action in Bullitt County Circuit Court,

seeking payment pursuant to her insurance policy as well as damages pursuant to Kentucky's Unfair Claims Settlement Practices Act ("KUCSPA"). On March 21, 2012, Defendant removed the action to this Court on the basis of diversity jurisdiction. On March 29, 2013, Defendant filed a motion for summary judgment (DN 26) arguing that Plaintiff made several material misrepresentations on her insurance application such that its rescission of her insurance contract was proper. On January 28, 2014, we granted the motion for summary judgment (DN 32) on the grounds that Plaintiff had made a material misrepresentation by falsely stating that she had no court judgments against her within the five years preceding the submission of her application.

On February 25, 2014, Plaintiff filed the present motion to alter judgment (DN 34). According to Plaintiff, the judgment should be altered because the Court incorrectly concluded that there was no genuine dispute regarding whether the misrepresentations allegedly made by Plaintiff were material. In response, Defendant argues that, because Plaintiff failed to dispute the materiality of the alleged misrepresentations in her response brief to the motion for summary judgment, she cannot now raise materiality as a genuine issue in support of her motion to alter judgment.

Having considered the parties' briefs and being otherwise sufficiently advised, the Court will now address the motion to alter judgment.

**STANDARD**

"District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008). "A district court may modify, or even rescind, such interlocutory orders." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991). Although the Federal Rules of Civil Procedure do not expressly provide for "motions for reconsideration," courts generally construe such motions as motions to

alter or amend a judgment under Rule 59(e). *See, e.g.*, *Moody v. Pepsi–Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990).

A Rule 59(e) motion should not be used either to reargue a case on the merits or to reargue issues already presented, *see Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues," *White v. Hitachi, Ltd.*, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotation marks and citation omitted). Accordingly, the Sixth Circuit has held that a motion for reconsideration may only be granted on the following grounds: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

## DISCUSSION

In her motion, Plaintiff advances several grounds which she claims are sufficient to warrant an alteration of the judgment:

1) that there remains a genuine dispute of fact regarding whether the alleged misrepresentations made by Plaintiff on her insurance application were material;
2) that there remains a genuine dispute of fact regarding whether she misrepresented that an insurance carrier had never canceled, refused to write, or decline insurance coverage on the property;
3) that there remains a genuine dispute of fact regarding whether she misrepresented that she had homeowners insurance covering the property at the time she submitted her application;
4) that there remains a genuine dispute of fact regarding whether she misrepresented that there were no substantially past due mortgage payments on the property;
5) that there remains a genuine dispute of fact regarding whether she misrepresented that there were no past due property taxes on the property.

3

As an initial matter, Grounds 2–5 need not be addressed because the Memorandum Opinion and Order were based exclusively on the fact that Plaintiff misrepresented that she had no court judgments against her within the five years preceding the submission of her application. *See* (Memorandum Opinion, DN 32, at 5). Thus, to the extent Grounds 2–5 address matters not relied on by the Court in arriving at its decision, they are irrelevant and therefore do not provide an adequate basis for altering the judgment.

With respect to Ground 1, because Plaintiff failed to dispute that the alleged misrepresentations were material in her response brief to the motion for summary judgment, she cannot now seek to alter the judgment based on Defendant's failure to establish that there is no genuine dispute regarding materiality. Rule 59(e) motions may only be granted on the following grounds: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Because Plaintiff's failure to dispute materiality in her response to the motion for summary judgment does not fall within these categories, the Court concludes that Plaintiff has failed to establish adequate grounds to alter the judgment. For these reasons, the motion to alter judgment will be denied.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter Judgment (DN 34) is **DENIED**.

There being no just reason for delay in its entry, this is a final order.

April 18, 2014

Charles R. Simpson III, Senior Judge
United States District Court